**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-51919 |
| | ) | |
| A'GACI, L.L.C., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Ronald B. King |
| RANDOLPH N. OSHEROW, not individually but solely as the chapter 7 trustee, Plaintiff, | ) | Case No. 21-___________ |
| v. | ) | |
| BIODEC GROWTH PLATFORM 1 LLC, Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 502(d), 547 AND 550**

Randolph N. Osherow (the "Trustee"), not individually but solely as the chapter 7 trustee for the estate of A'GACI, L.L.C. (the "Debtor"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers and for related relief pursuant to sections 502(d), 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), against Biodec Growth Platform 1 LLC (the "Defendant"), and hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding which arises under the Bankruptcy Code, and arises in, and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas (the "Court"), Case No. 19-51919, under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested herein are sections 502(d), 547, and 550 of the Bankruptcy Code and Bankruptcy Rule 7001(1).

## BACKGROUND

5. On August 7, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

6. On October 4, 2019, the Court entered an order converting the Debtor's bankruptcy case from chapter 11 to a case under chapter 7 of the Bankruptcy Code.

7. On that same date, the Court appointed the Trustee as the chapter 7 trustee for the Debtor's estate.

8. Accordingly, the Trustee is vested with, *inter alia*, the authority to pursue certain causes of action on behalf of the Debtor's estate, including the avoidance and recovery of transfers under chapter 5 of the Bankruptcy Code.

9. On information and belief, the Defendant is a limited liability company, organized under the laws of the state of Texas with its principal place of business in San Diego, CA.

## COUNT I
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

10. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 9 as though fully set forth herein.

11. During the (90) day period prior to the Petition Date (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including the Defendant.

12. During the Preference Period, the Debtor made one or more transfers to the Defendant totaling at least $44,010.63 (collectively, the "Transfers" and individually, a "Transfer").

13. A list of the Transfers is attached hereto and incorporated herein as Exhibit A, including the check number, clear date, and transfer amount.

14. Prior to the commencement of this adversary proceeding, the Trustee issued a demand letter to the Defendant seeking return of the Transfers or, in the alternative, evidence of support for any of its affirmative defenses.

15. In addition, the Trustee performed his own due diligence evaluating reasonably knowable affirmative defenses available to the Defendant including, without limitation, defenses under section 11 U.S.C. § 547(c)(4).

16. Based upon the Trustee's review of information provided by the Defendant, if any, prior to the filing of this Complaint and after performing his own due diligence of the reasonably knowable affirmative defenses available to the Defendant, the Trustee has determined that he may avoid some or all of the Transfers even after taking into account the Defendant's potential affirmative defenses.

17. Upon information and belief, the Defendant was a creditor, within the meaning of section 101(10)(A) of the Bankruptcy Code, of the Debtor at the time of each of the Transfers.

18. Each Transfer constituted a transfer of an interest of the Debtor in property; namely, cash.

19. Each of the Transfers was a transfer to, or for the benefit of, the Defendant because each Transfer either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

20. Upon information and belief, each Transfer was made for, or on account of, an antecedent debt owed by the Debtor to the Defendant before such Transfers were made.

21. Based on the facts and circumstances of this case and the presumption of insolvency set forth in section 547(f) of the Bankruptcy Code, each Transfer was made while the Debtor was insolvent.

22. Each Transfer was made on or within ninety (90) days prior to the Petition Date.

23. Each Transfer enabled the Defendant to receive more than it would receive if:

a. The Debtor's case was a case under chapter 7 of the Bankruptcy Code;

b. Such Transfer had not been made; and

c. The Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

24. By reason of the foregoing, the Trustee may avoid the Transfers as preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

**(Recovery of Avoidable Transfers Pursuant to 11 U.S.C. § 550)**

25. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 24 as though fully set forth herein.

26. The Defendant was either: (a) the initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, or (c) an immediate or mediate transferee of an initial transferee.

27. To the extent that the Transfers are avoided pursuant to section 547 of the Bankruptcy Code, the Trustee may recover the Transfers or their value, from the Defendant or any mediate or immediate transferee pursuant to section 550 of the Bankruptcy Code.

28. By reason of the foregoing, the Trustee may recover the Transfers or the value thereof from the Defendant pursuant to section 550 of the Bankruptcy Code.

**COUNT III**
**(Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

29. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under section 547 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

31. The Defendant is the transferee of the Transfers.

32. The Defendant has, or may claim to have, a claim or claims against the Debtor's estate.

33. The Defendant has neither paid nor surrendered the Transfers or the value therefor to the Debtor's estate.

34. The Trustee objects to any and all claims of the Defendant, including without limitation, all pre-petition and post-petition claims pursuant to section 502(d) of the Bankruptcy Code.

35. By reason of the foregoing, any claim which the Defendant has filed against the Debtor must be disallowed pursuant to section 502(d) of the Bankruptcy Code until the Transfers or the value thereof are returned to the Trustee.

**WHEREFORE**, the Trustee requests the entry of a judgment against the Defendant granting the following relief:

(a) the Transfers be avoided pursuant to section 547 of the Bankruptcy Code, as

applicable;

(b) the Defendant be directed to return the amount of the Transfers to the Trustee pursuant to section 550 of the Bankruptcy Code;

(c) any claims of the Defendant against the Debtor be disallowed pursuant to section 502(d) of the Bankruptcy Code unless and until the amount of such Transfers are returned to the Trustee;

(d) the Court award the Trustee pre-judgment interest at the legally allowable rate;

(e) the Court assess all fees and costs of this action against the Defendant; and

(f) the Trustee be granted such other and further relief as is just and proper.

Dated: May 19, 2021

**FREEBORN & PETERS LLP**

By: /s/ Elizabeth L. Janczak
One of Its Attorneys

Shelly A. DeRousse (Ill. Bar No. 6274798)*
Elizabeth L. Janczak (Ill. Bar No. 6302864)*
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel: 312.360.6000
Fax: 312.360.6520
Email: sderousse@freeborn.com
ejanczak@freeborn.com
*Admitted *pro hac vice*

*Counsel for the Trustee*

# EXHIBIT A

***In re A'GACI, L.L.C.***
**Transfers to Biodec Growth Platform 1 LLC During Preference Period**

| **Defendant Name** | **Clear Date** | **Check No./Wire** | **Transfer Amount** |
| --- | --- | --- | --- |
| Biodec Growth Platform 1 LLC | 5/24/2019 | 91486 | $14,670.21 |
| | 6/24/2019 | 92057 | $14,670.21 |
| | 7/23/2019 | 92743 | $14,670.21 |
| | **Total:** | | $44,010.63 |